UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:19-CR-115 |
| vs. | ) | |
| MELVIN CHISM, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant has filed a Motion to Suppress [Doc. 46] seeking suppression of all evidence obtained by law enforcement when he was "strip searched" on May 7, 2019. The United States filed Responses opposing Defendant's Motion [Doc. 55]. The entirety of this search was recorded on video and a copy of the video was tendered to the Court for review. The parties agree that the video speaks for itself and no additional proof is required; thus, the motion is now ripe for disposition.

This matter is before the Court pursuant to 28 U.S.C. § 636(b) and the standing orders of the District Court for a Report and Recommendation. For the reasons stated herein, the undersigned **RECOMMENDS** that the Motion to Suppress [Docs. 46] be **DENIED**.

I. **FINDINGS OF FACT**

On May 7, 2019, Defendant was taken into custody by the Johnson City Police Department ("JCPD") and transported to JCPD headquarters to be interviewed. Upon arrival at JCPD, Defendant was placed in an interview room equipped with audio and sound recording equipment

where he remained for approximately three-and-a-half hours, all of which was recorded on video. A video of Defendant's time in the interview room was tendered to the Court and thoroughly reviewed.

Defendant was escorted into the interview room by two officers. Upon entering the room, one of the officers advised Defendant he was going to search his person and asked Defendant if he had anything on him about which the officer should be aware. Defendant advised that he had needles in the pocket of his shorts and asked to remove the needles because one of them was sticking him. Two uncapped syringes were removed from Defendant's pocket, although it is difficult to tell from which pocket he removed them on the video. The second officer asked Defendant if he was wearing shorts or underwear under his pants. Defendant replied that they were shorts. After Defendant told the officer he had shorts on under his pants, the officer asked Defendant to remove his pants. Defendant was also asked to remove his shoes. Defendant complied and his pants and shoes were taken out of the room to be searched. The officer later returned and advised Defendant that the officers found a bag of methamphetamine in the pocket of Defendant's pants.

The shorts Defendant had on under his pants were knee-length basketball-style shorts with pockets underneath his pants. Officers asked Defendant to turn out the pockets of his shorts. Defendant was also patted down by an officer. The officer lifted the hem of Defendant's shirt to examine the waistband of Defendant's shorts. The officer also advised Defendant he has going to look inside the waistband of the shorts to make sure Defendant did not have anything concealed inside his shorts. The officer very briefly pulled Defendant's waistband away from his body and looked straight down inside Defendant's shorts. None of the area of Defendant's body covered by

his shorts can be seen on the video. Defendant was wearing a shirt, knee-length basketball shorts, and socks throughout this search and was never asked to remove these items of clothing.

II.     ANALYSIS

Defendant asserts that this search was unconstitutional because it violated his Fourth Amendment constitutional right to privacy, contending that any evidence obtained as a result of the search should be suppressed for that reason. In support, Defendant argues that officers removed his pants and left him in his underwear, shirt and socks, and even pulled the waistband of his underwear away from his body, during a search that was being recorded by a video camera [Doc. 46, p 1-2]. Defendant argues that the removal of even one item of clothing constitutes a strip search and that the video recording of a strip search violates his Fourth Amendment right to privacy. *Id.* at p. 2. In response, the United States argues the search of Defendant was a proper search incident to arrest and was conducted in a reasonable manner [Doc. 55, p. 1].

"A 'strip search,' though an umbrella term, generally refers to an inspection of a naked individual, without any scrutiny of the subject's body cavities." *Spear v. Sowders*, 71 F.3d 626, 634 (6th Cir. 1995) (Jones, J., concurring in part and dissenting in part) (quoting *Blackburn v. Snow,* 771 F.2d 556, 561 n. 3 (1st Cir.1985)). The Supreme Court has determined that when considering the Fourth Amendment's reasonableness requirement in relation to strip searches occurring in detention facilities, those requirements cannot be applied in a precise or mechanical fashion but instead the Court must determine the reasonableness of such searches on a case-by-case basis. *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). The Court is to weigh the need for the search against the invasion of privacy that the search entails. *Id.*

Although Defendant alleges that the removal of even one item of clothing constitutes a strip search, he has cited no legal authority to support this contention nor has the Court found

any legal support for it. Defendant merely cited case law that stands for the general proposition that the Fourth Amendment protects individuals from unreasonable searches where there is a legitimate subjective expectation of privacy that society is prepared to recognize as reasonable. *See generally Oliver v. United States,* 466 U.S. 170 (1984); *Smith v. Maryland*, 442 U.S. 735 (1979); *Katz v. United States*, 389 U.S. 347 (1967). More specifically, a legitimate expectation of privacy subject to Fourth Amendment protection requires an individual to exhibit a subjective expectation of privacy and for the expectation to be one that society is prepared to recognize as reasonable. *See Smith v. Maryland*, 442 U.S. at 735.

The search Defendant was subjected to here does not meet even a liberal definition of a strip search. Not only was Defendant's naked body never examined, he remained covered by long athletic shorts throughout the search. While it is true that Defendant's waistband was pulled away from his body and this action was captured on video, no part of Defendant's body covered by his shorts was visible to the camera during the brief time when this occurred. The Court cannot find Defendant had a reasonable expectation that removing his pants to reveal basketball shorts after he confirmed to officers that he was indeed wearing shorts and not just underwear under his pants was a violation of his privacy, nor that his behavior exhibits such an expectation. Moreover, Defendant told officers he was in possession of needles and uncapped syringes which Defendant removed from his person. It was not unreasonable for officers to thereafter conduct a thorough search of Defendant's person to ensure that he possessed no other items that could pose a danger to officers.

Finally, the Court notes that Defendant was under arrest when he was searched and had admitted possessing items that could pose a danger to law enforcement officers. Without

question, applicable law permits a search incident to arrest under these circumstances. *See United States v. Clark*, 29 F. Supp. 3d 1131, 1141 (E.D. Tenn. 2014).

### III. CONCLUSION

Given that Defendant was not subjected to a strip search and that the search undertaken by officers constituted a lawful search incident to arrest, the undersigned **RECOMMENDS** that Defendant's Second Motion to Suppress [Doc. 46] be **DENIED**. [1]

Respectfully Submitted,

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).